BOSSON, Justice (dissenting). {29} I respectfully dissent. But first a word about lack of prosecutorial judgment. This is what is known in the trade as a “slam dunk” prosecution. The evidence of Defendant’s drunken behavior was overwhelming, capped off by driving his vehicle sixty feet, in reverse, into oncoming traffic on Montgomery Boulevard. Only a miracle prevented serious injury or death. {30} The prosecution had only to lay its case before the jury and conviction would surely have followed. Instead, an overzealous prosecutor pressed the officer for pseudo-scientific conclusions about the accuracy of field sobriety tests that, quite simply, do not hold up. The metro court judge should never have allowed this testimony into evidence. Now, after all this time, money, and effort expended, the state must do it all over again. {31} Based solely on this one evidentiary error, the majority has decided to reverse, and I feel compelled to disagree. For all the reasons so ably expressed in Judge Pickard’s Court of Appeals majority opinion, I cannot agree that “it is reasonably probable that the jury’s verdict would have been different but for that [one] error.” State v. Barr, 2009-NMSC-024, ¶ 54, 146 N.M. 301, 210 P.3d 198. Juries are fully capable of assessing the mountain of evidence proving Defendant’s culpability beyond any reasonable doubt. Juries are not so easily distracted by isolated error as the majority opinion suggests. {32} This jury could put Officer Enyart’s erroneous testimony in context and in proper perspective; it likely had very little to do with Defendant’s all-but-inevitable conviction. The rules of review for non-constitutional error (“probable that the jury’s verdict would have been different but for the error”) impose on appellate courts a high level of tolerance for mere evidentiary error before we reverse. I do not find the substantial likelihood of prejudice that we need to reverse. Accordingly, I would affirm Defendant’s well-deserved conviction and the opinion of the Court of Appeals.